FILED

10 JUN 10  PH 3: 43

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1  Michelle Uzeta (SBN 164402)
2  muzeta@hrc-la.org
   Annette Morasch (SBN 263797)
3  HOUSING RIGHTS CENTER
   520 S. Virgil Ave., Suite 400
4  Los Angeles, CA 90020
5  Phone: (213) 387-8400, ext. 32
   Fax: (213) 381-8555
6
7  Alexander Lambrous (SBN 135612)
8  alambrous@lafsbc.org
   LEGAL AID FOUNDATION OF
9        SANTA BARBARA COUNTY
10 301 E. Canon Perdido Street
   Santa Barbara, California 93101
11 Phone: (805) 963-6754
12 Fax: (805) 963-6756
13 Attorneys for Plaintiffs
14
                **IN THE UNITED STATES DISTRICT COURT**
15
                **CENTRAL DISTRICT OF CALIFORNIA**
16
17
   **CHRISTIE GRAHAM, an individual;** )  CASE NO. **CV 10  4298**-mmm
18                                       )                        (FMOx)
19        **Plaintiff,**                 )  **COMPLAINT FOR DECLARATORY**
                                         )  **AND INJUNCTIVE RELIEF AND**
20        **vs.**                        )  **DAMAGES FOR VIOLATIONS OF:**
                                         )  1.  The Fair Housing Amendments Act
21                                       )      of 1988, 42 U.S.C. §§ 3601 et seq.;
   **MAIRE RADIS, as an individual and as** ) 2.  California Fair Employment and
22 **Trustee of the RADIS FAMILY 2000**  )      Housing Act, Cal. Gov't Code §
23 **TRUST; PATRICK RADIS as an**        )      12955, et seq.;
   **individual and as Trustee of the RADIS** ) 3.  Unruh Civil Rights Act, Cal. Civil
24 **FAMILY 2000 TRUST; and RADIS**      )      Code § 51;
25 **ASSOCIATES, INC., dba RADIS**       )  4.  Disabled Persons Act, Cal. Civil
   **PROPERTY MANAGEMENT, a**            )      Code § 54; and
26 **California corporation.**           )  5.  Negligence
27                                       )
          **Defendants.**               )      **Jury Trial Demanded**
28                                       )

COMPLAINT- 1 -

## I.    INTRODUCTION

1. This is an action for declaratory and injunctive relief and damages against Maire Radis, Patrick Radis and Radis Associates, Inc., dba Radis Property Management, a California corporation (collectively "Defendants"), for discrimination in the rental of housing based on the disability of Plaintiff Christie Graham (hereinafter "Ms. Graham"). Specifically, Defendants have refused to allow Ms. Graham to reside with a service animal/emotional support animal as a reasonable accommodation for her disabilities, and have refused to allow her to continue residing with a live-in aide as a reasonable accommodation for her disabilities.

2. This action arises under the Federal Fair Housing Amendments Act of 1988, the California Fair Employment and Housing Act, the California Unruh Civil Rights Act, the California Disabled Persons Act, and also alleges common law negligence. Unless enjoined by this Court, Defendants' discriminatory conduct will cause Ms. Graham, a 49-year old woman with multiple mental and physical disabilities, to lose her subsidized apartment of 2 years, placing her at imminent risk of homelessness or institutionalization.

## II.    JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 42 U.S.C. § 3613 and 28 U.S.C. § 1331 and § 1343. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims because they are related to her federal claims and arise out of a common nucleus of operative facts. Plaintiff's state and federal claims form part of the same case or controversy under Article III of the United States Constitution.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because all of the acts or omissions giving rise to these claims occurred within the County of Los Angeles, State of California.

1

### III.   PARTIES

2    5.  At all times mentioned and relevant herein, Plaintiff Christie Graham was and is a

3    resident of the County of Santa Barbara, State of California.

4    6.  Ms. Graham is a 49-year old woman who has resided in her rental unit at 2241

5    Banner Avenue, Apartment B, in the City of Summerland, California, 93067  (the

6    "subject property"), for approximately 2 years.  Ms. Graham is an extremely low-income

7    individual; her only sources of income are Social Security Disability and Supplemental

8    Security Income benefits.

9    7.  Ms. Graham is a woman with multiple disabilities, including long-standing

10   physical and mental disabilities including bipolar disorder, diabetes, fibromyalgia,

11   chronic fatigue, asthma, advanced arthritis and severe spinal degenerative disease.   As a

12   result of these disabilities, Ms. Graham experiences symptoms including stress/anxiety,

13   depression, chronic pain, insomnia, swelling of her extremities, weakness, impaired

14   mobility, impaired social skills, dizziness and sleep apnea.  Ms. Graham is also

15   hypertensive and has a cardiac condition.  Ms. Graham is an individual with a disability

16   as defined under the federal Fair Housing Amendments Act (42 U.S.C. §§ 3601-3619);

17   the California Fair Employment and Housing Act (Cal. Gov. Code § 12955 et seq.); the

18   Unruh Civil Rights Act (Cal. Civ. Code § 51); and the Disabled Persons Act (Cal. Civ.

19   Code § 54.1).

20   8.  Upon information and belief, and at all time relevant to this complaint, Defendant

21   Maire Radis, trustee of the Radis Family 2000 Trust, was and is the owner and/or

22   manager of the subject property, and a resident of the County of Santa Barbara, State of

23   California.

24   9.  Upon information and belief, and at all time relevant to this complaint, Defendant

25   Patrick Radis, trustee of the Radis Family 2000 Trust, was and is the owner and/or

26   manager of the subject property, and a resident of the County of Santa Barbara, State of

27   California.

28

10. Upon information and belief, and at all time relevant to this complaint, Radis Associates, Inc., dba Radis Management Company was and is a real property management company, incorporated under the laws of the state of California, with its principal place of business at 897 Toro Canyon Road, Santa Barbara, California, 93108.

11. Upon information and belief, and at all time relevant to this complaint, Defendants Marie Radis and Partick Radis were and are owners of Radis Associates, Inc., dba Radis Management Company.

12. Upon information and belief, and at all time relevant to this complaint, Defendant Radis Associates, Inc., dba Radis Management Company was and is the owner and/or manager of the subject property.

13. Plaintiff is informed and believes, and, based thereon alleges, that at all times herein mentioned each and every Defendant was the agent, servant, employee, co-conspirator, and/or representative of each and every other Defendant and was, in doing the things complained of herein, acting within the scope of said agency, service, employment, conspiracy, and/or representation, and that each and every Defendant was acting within his/her actual or apparent authority with the full knowledge and consent of each other Defendant.

## IV. FACTS

### A.   Introduction

14. Defendants, acting individually or in concert, directly or through agents, have engaged in discrimination against Ms. Graham as a tenant with disabilities in the operation of the subject property. Defendants continue to engage in such discrimination so as to constitute a continuing violation.

15. Defendants' unlawful conduct includes, but is not limited to, commission of the following discriminatory housing practices:

a.  Failing to make reasonable accommodations in policies, practices, or services, when such accommodations may be necessary to afford a disabled person equal opportunity to use and enjoy a dwelling;

b.  Making unavailable or denying a dwelling to a person because of disability;

c.  Discriminating in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of disability;

d.  Evicting a tenant because of disability;

e.  Aiding, abetting, inciting, compelling, or coercing the doing of any of the acts or practices declared unlawful by the California Fair Employment and Housing Act, or attempting to do so; and

f.  Coercing, intimidating, threatening, or interfering with persons in the exercise or enjoyment of rights granted or protected under the Federal Fair Housing Amendments Act and California Fair Employment and Housing Act.

16. In the alternative, Defendants have negligently failed to hire, train, supervise and discipline their agents and employees, and themselves, in order to conform the operation of the subject to the standard of care for the industry.

**B.    Facts Upon Which All Claims Are based**

17. Upon information and belief, the subject property is an eight unit residential rental property in Summerland, California.  Upon information and belief, Defendants took over ownership and management of the subject property on or around May 12, 1999.

18.  Ms. Graham established her tenancy at the subject property on or around May 1, 1008.  Since that time, Ms. Graham has resided at the subject property continuously and without interruption.

19. Ms. Graham currently pays $227 in rent per month.

20. The federal Section 8 program pays the balance of the rent in the amount of $1403 per month.

21. As the result of her physical and mental disabilities, Ms. Graham requires the use of a live-in aide to use and enjoy her housing. Among other things, Ms. Graham's live in aide is needed by defendant to assist her with personal care services such as bathing, grooming and toileting and domestic services such as cooking and cleaning. Defendant's aide also supervised her medications, assisted her with getting in and out of bed, and with getting around the house when her mobility was impaired due to pain and/or the swelling of her extremities, or her vision was impaired due to migraines.

22. Upon moving into the subject property, on or about May 1, 2008, Ms. Graham was approved by both Defendants and the Housing Authority of the City of Santa Barbara to reside with a live-in aide. She resided continuously with a live-in aide without complaint from Defendants until approximately April 2010, when her status as an individual with disabilities was suddenly questioned [by Defendants], and her need for an aide became an issue.

23. Ms. Graham has experienced a number of hardships in her life, including the recent death of her boyfriend and the recent death of her cat. There events have increased Ms. Graham's feelings of depression and exacerbated her mental disabilities. In a letter dated September 25, 2009, and delivered to defendant on or about October 1, 2009, Ms. Graham's primary physician Dr. Julio G. Diaz, M.D. confirmed that Ms. Graham meets the definition of a person with a disability under federal law, and prescribed an emotional support animal to "alleviate" the impact of plaintiff's disabilities, assist her in "coping with her depression", and "enhance her abilities to live independently and to fully use and enjoy" her housing.

24. On or about October 1, 2009 Ms. Graham provided a copy of Dr. Diaz's letter to Defendants along with her October rent check. Defendants did not communicate anything to Ms. Graham to indicate that they had a problem with her obtaining an emotional support/ service animal.

25. For Christmas, in December 2009, Ms Graham obtained a small terrier/poodle mix breed named "Cricky". Cricky both provides Ms. Graham with the emotional

1  support contemplated and prescribed by Dr. Diaz, and has been individually trained to

2  perform disability related tasks for her benefit.

3      26. In early January 2010, Ms. Graham contacted Defendant Maire Radis by phone

4  to inform her that she had secured her emotional support animal. Ms. Radis became

5  extremely upset about the dog, and began yelling at Ms. Graham. The conversation

6  was on speaker phone and witnessed by one of Ms. Graham's caregivers. Among other

7  things Ms. Radis said to Ms. Graham during that phone call was that in all her years as

8  a property manager, Ms. Radis has evicted everyone who has tried to keep a dog. Ms.

9  Radis threatened Ms. Graham that if she chose to keep her dog she would be served an

10  eviction notice. Ms. Radis also told Ms. Graham that because of her dog she was no

11  longer Ms. Radis' "friend", and that no one should do "this" to her [meaning, obtain a

12  dog]. Ms. Graham began crying and could hear Defendant Patrick Radis in the

13  background yelling that Ms. Graham's dog would dig up the floors and crap all over

14  the apartment. Before ending the call, Ms. Graham assured Ms. Radis that she would

15  not live in a dirty apartment and that she would not allow well-behaved, 7-pound

16  Cricky to cause any damage.

17      27. Within two weeks Ms. Graham received a 90 day notice for a no cause eviction

18  from Defendant Radis Associates, Inc., dba Radis Property Management. With the

19  Notice, dated January 15, 2010, was a hand written note signed by Defendant Maire

20  Radis that states, "Hi Christie, This should give you plenty of time to find a new place.

21  We'll give you a great reference. Very best wishes, Maire."

22      28. Three days later, January 18, 2010, Ms. Graham received another letter from

23  Defendant Radis Associates, Inc., dba Radis Property Management. The letter states in

24  part, "Christy has been kind and easy to get along with and is well liked by everyone."

25      29. On March 8, 2010 Ms. Graham filed an administrative Housing Discrimination

26  Complaint against Defendants which is being administered by the Department of Fair

27  Employment and Housing. (Complaint no. 09-10-0567-8).

28

30.After the 90 day Notice elapsed defendants filed a complaint against Ms. Graham based on the 90 day no cause Notice. (Santa Barbara Superior Court, Anacapa Division, case no. 1343055.) Ms. Graham filed a demurrer to the complaint.

31.Ms. Graham requested that Defendants participate in mediation with her; mediation which is offered for free by the City of Santa Barbara. Defendants refused.

32.On May 11, 2010, Defendants dismissed the case against Ms. Graham prior to responding to the demurrer.

33.After obtaining her emotional support animal, Ms. Graham developed the need to hire a new live-in caregiver.  The caregiver was prescribed by her physician and approved by In Home Support Services of Santa Barbara County.

34.Defendants stated in writing on May 11, 2010 that they will not give permission for Ms. Graham to reside with a new caregiver because they do not agree with her physician that she is mentally and physically disabled. Defendants made similar statements in writing to an American Broadcasting Company affiliated television news reporter, the City Attorney of the City of Santa Barbara, and the "Inspector General at HUD."

35.On or about May 26, 2010 Defendants gave Ms. Graham a Three Day Notice to Quit.

36.By refusing to grant Ms. Graham's reasonable accommodation requests to be allowed to reside with a service animal and a live-in caregiver, and taking action to evict her instead, Defendants have discriminated against her on the basis of disability.

**F. Injuries to Plaintiff**

37. As a result of the Defendants' above-described actions, Ms. Graham has suffered, is continuing to suffer, and will in the future suffer, great and irreparable loss and injury, including, but not limited to, irreversible damage to her ability to find affordable housing; loss of her current accessible, affordable housing – housing she has resided in and enjoyed for the past 2 years; deprivation of the full use and enjoyment of her tenancy; violation of the covenant of quiet enjoyment; invasion of the private right of

occupancy; violation of her civil rights; severe emotional distress, humiliation, embarrassment, and severe bodily injury including migraine headaches, stomach aches, sleep loss, appetite loss, and other special and general damages according to proof.

38. There now exists an actual controversy between the parties regarding Defendants' duties under federal and state fair housing laws and other applicable law. Accordingly, Ms. Graham is entitled to declaratory relief.

39. Unless enjoined, Defendants will continue to engage in unlawful acts. Ms. Graham has no adequate remedy at law. Unless Defendants' discriminatory conduct is enjoined, Ms. Graham will be forced to move from her home of 2 years, causing her to experience severe physical and emotional distress, trauma, and disorientation. Defendants' refusal to grant Ms. Graham's accommodation requests, and decision to issue her notices threatening eviction, has deprived Ms. Graham of the use and enjoyment of her housing. Ms. Graham is now suffering and will continue to suffer irreparable injury from Defendants' acts unless this Court provides relief. Accordingly, Ms. Graham is entitled to injunctive relief.

40. Ms. Graham is informed, believes and thereon alleges that Defendants committed the acts and omissions herein alleged with intent and/or reckless disregard of her rights, entitling her to punitive damages.

## V. CLAIMS FOR RELIEF

### A.   First Claim - Fair Housing Amendments Act of 1988

41.  Plaintiff herein re-alleges and incorporates by reference paragraphs 1 through 40 of this complaint.

42. Defendants have injured Plaintiff by committing discriminatory housing practices in violation of the Fair Housing Amendments Act of 1988 (FHAA), 42 U.S.C. § 3601, et seq. Defendants' unlawful conduct includes, but is not limited to, commission of the following discriminatory housing practices:

    a.   Failing to make reasonable accommodations in policies, practices, or services, when such accommodations may be necessary to afford a disabled

person equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B);

b. Making unavailable or denying a dwelling to a person because of disability, in violation of 42 U.S.C. § 3604(a);

c. Discriminating in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of disability, in violation of 42 U.S.C. § 3604(b);

d. Making, printing, or publishing, or causing to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on disability, or an intention to make any such preference, limitation, or discrimination, in violation of 42 U.S.C. § 3604(c);

e. Coercing, intimidating, threatening, or interfering with persons in the exercise or enjoyment of rights granted or protected under the Federal Fair Housing Amendments Act, in violation of 42 U.S.C. § 3617.

43. As a direct and proximate result of the acts and omissions herein alleged, Plaintiff has suffered, and continues to suffer damage, humiliation, hardship and anxiety.

44. Defendants' conduct constitutes an ongoing and continuous violation of the FHAA. Unless enjoined, said conduct will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

45. Pursuant to 42 U.S.C. §3613(c)(1) and (2) Defendants are liable to Plaintiff for compensatory damages, punitive damages, injunctive relief, and attorneys fees and costs.

### B.    Second Claim – California Fair Employment and Housing Act

46. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45 of the Complaint herein.

47. Defendants have injured Plaintiff by committing discriminatory housing practices in violation of the California Fair Employment and Housing Act (FEHA), Cal. Gov't

Code §12955 et seq. Defendants' unlawful conduct includes, but is not limited to, commission of the following discriminatory housing practices:

   a. Discriminating against or harassing an individual because of disability, in violation of Cal. Gov't Code §§12955(a) and (d);

   b. Making, printing, or publishing, or causing to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a housing accommodation that indicates any preference, limitation, or discrimination based on disability or an intention to make that preference, limitation, or discrimination, in violation of Cal. Gov't Code §12955(c);

   c. Harassing, evicting, or otherwise discriminating against any person in the sale or rental of housing accommodations when the owner's dominant purpose is retaliation against a person who has opposed practices unlawful under FEHA, in violation of Cal. Gov't Code §12955(f);

   d. Aiding, abetting, inciting, compelling, or coercing the doing of any of the acts or practices declared unlawful under FEHA, or to attempt to do so, in violation of Cal. Gov't Code §12955(g);

   e. Otherwise making unavailable or denying a dwelling based on discrimination because of disability, or national origin, in violation of Cal. Gov't Code §12955(k).

48. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered, and continues to suffer damage, humiliation, hardship and anxiety. Defendants' conduct constitutes an ongoing and continuous violation of the FEHA. Unless enjoined, said conduct will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

49. Pursuant to Cal. Govt. Code § 12989.2 Plaintiff is entitled to injunctive relief, compensatory damages, punitive damages, and attorney's fees and costs.

### C.   Third Claim - California Unruh Civil Rights Act

COMPLAINT- 11 -

50. Plaintiff herein re-alleges and incorporates by reference paragraphs 1 through 49 of this Complaint.

51. Defendants have injured Plaintiff by committing discriminatory housing practices in violation of the California Unruh Civil Rights Act, CAL. CIV. CODE § 51 et seq.

52. Defendants actions constitute intentional discrimination against Plaintiffs on the basis of disability in violation of the Unruh Civil Rights Act, CAL. CIV. CODE § 51 et seq., in that: Defendants failed to modify its policies to accommodate the disability-related need of Ms. Graham for the reasonable accommodations of a service animal and live-in aide even after being notified of Ms. Graham's disabilities and the need for such accommodations.

53. Pursuant to California Civil Code § 52.1(f), Defendants are liable to Plaintiff in an amount totaling no less than $4,000 for every violation of California Civil Code §51 et seq. or three times of actual damages, for injunctive relief and for attorneys' fees and costs incurred in this action.

### D. Fourth Claim – California Disabled Person's Act

54. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 53 of the Complaint herein.

55. Defendants have injured Plaintiff by committing discriminatory housing practices in violation of the California Disabled Person's Act, Cal. Civil Code §54.1.

56. Pursuant to California Civil Code § 54.3(a), Defendants are liable to Plaintiff in an amount totaling no less than $1,000 for every violation of California Civil Code §54 et seq. or three times of actual damages, for injunctive relief and for attorneys' fees and costs incurred in this action.

### E. Fifth Claim – Common Law Negligence

57. Plaintiff herein re-alleges and incorporates by reference paragraphs 1 through 56 of this Complaint.

58. Defendants owed Plaintiff a duty to operate the subject property in a manner that was free from unlawful discrimination and to employ, train, and supervise their

1  directors, employees, agents, and themselves to fulfill that duty. Defendants breached
2  that duty by refusing to provide Ms. Graham with reasonable accommodations for her
3  disabilities.

4  59. Defendants' negligence has harmed Plaintiff in that she has been denied the full
5  use and enjoyment of her dwelling.

6  60. Defendants' negligence includes but is not limited to:

7        a.  Defendants' negligent failure to train or educate their employees, agents,
8            representatives and each other regarding the requirements of state fair
9            housing laws;

10       a.  Defendants' negligent failure to supervise their employees, agents,
11           representatives and each other regarding compliance with the
12           requirements of federal and state fair housing laws; and

13       b.  Defendants' negligent failure to operate the subject property in conformity
14           with accepted industry custom and standards.

## VI.   PRAYER FOR RELIEF

16  Plaintiffs pray this Court enter judgment as follows:

17  1.     Declare that the discriminatory practices of the Defendants as set forth
18  above, violate the Fair Housing Act, as amended, 42 U.S.C. § 3601, et seq., the
19  California Fair Employment and Housing Act, CAL. GOV. CODE § 12955, et seq., the
20  Unruh Civil Rights Act, CAL. GOV. CODE § 51; and the Disabled Persons Act, CAL. GOV.
21  CODE § 54.1.

22  2.     Enjoin Defendants to grant Ms. Graham's reasonable accommodation
23  requests by allowing her to reside with a service animal and a live-in aide.

24  4.     Enjoin Defendants, their agents, employees, successors, and all other
25  persons in active concert or participation with Defendants from continuing to
26  discriminate on the basis of disability against Ms. Graham or against any other person
27  who is a prospective or current tenant at rental properties owned and operated by

28

1   Defendants, in violation of the above federal and state laws in any aspect of the

2   occupancy of a dwelling.

3        5.    Order that Defendants provide equal housing opportunities to all

4   prospective and in-place tenants at rental properties owned and operated by Defendants,

5   engage in comprehensive fair housing training, and submit to monitoring of their

6   practices and records in order to ensure compliance with the fair housing laws.

7        6.    Award compensatory damages to Plaintiff.

8        7.    Award statutory damages to Plaintiff.

9        8.    Award punitive damages to Plaintiff.

10       9.    Award any other such damages as may be allowed under all the above

11  federal and state laws.

12       10.   Award Plaintiff her reasonable attorneys' fees and costs.

13       11.   Award all such other relief as the Court deems just.

14                **VII.   JURY DEMAND**

15       Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial

16  by jury as to all issues.

17

18  Dated: June 10, 2010           HOUSING RIGHTS CENTER

19

20                       *Michelle Uzeta*

21                     Michelle Uzeta

22                     Attorney for Plaintiff Christie Graham

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV10- 4298 MMM (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Michelle Uzeta(SBN: 164402)
muzeta@hrc-la.org
HOUSING RIGHTS CENTER
520 S. Virgil Ave., Suite 400
Los Angeles, CA 90040

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIE GRAHAM, an individual;<br><br>PLAINTIFF(S)<br>v.<br>MAIRE RADIS, as an individual and as Trustee of the RADIS FAMILY 2000 TRUST;<br>(See Attachment for Additional Parties)<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10 4298-mmm(FMOx)<br><br><br>SUMMONS |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _MICHELLE UZETA_____, whose address is _520 S. Virgil Ave., Suite 400,  Los Angeles, CA 90020_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __1 0 JUN 2010_____

By: _____
        Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

ADDITIONAL PARTIES:

DEFENDANTS:

**PATRICK RADIS as an individual and as Trustee of the RADIS FAMILY 2000 TRUST; and RADIS ASSOCIATES, INC., dba RADIS PROPERTY MANAGEMENT, a California corporation.**

Michelle Uzeta (SBN: 164402)
muzeta@hrc-la.org
HOUSING RIGHTS CENTER
520 S. Virgil Ave., Suite 400
Los Angeles, CA 90040

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIE GRAHAM, an individual;<br><br>PLAINTIFF(S)<br><br>v.<br><br>MAIRE RADIS, as an individual and as Trustee of the RADIS FAMILY 2000 TRUST;<br>(See Attachment for Additional Parties)<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10 4298-MmM(FMOx)<br><br><br>**SUMMONS** |

TO:     DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _MICHELLE UZETA_____, whose address is _520 S. Virgil Ave., Suite 400,  Los Angeles, CA 90020_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __1 0 JUN 2010__            By: _____
                                            Deputy Clerk

                                            MARILYN DAVIS

                                            *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                **SUMMONS**

ADDITIONAL PARTIES:

DEFENDANTS:

**PATRICK RADIS as an individual and as Trustee of the RADIS FAMILY 2000 TRUST; and RADIS ASSOCIATES, INC., dba RADIS PROPERTY MANAGEMENT, a California corporation.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| CHRISTIE GRAHAM, an individual; | MAIRE RADIS, as an individual and as Trustee of the RADIS FAMILY 2000 TRUST;  (see attachment for additional parties) |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| MICHELLE UZETA, HOUSING RIGHTS CENTER<br>520 S. Virgil Avenue, Suite 400, Los Angeles, CA 90020<br>213-387-8400 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No          ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This action seeks relief against defendant based on their unlawful discrimination based on disability; 42 U.S.C. Section 3601, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 365 Personal Injury-Product Liability | ☒ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 462 Naturalization Application | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | | |

**FOR OFFICE USE ONLY:**   Case Number: **CV10 4298**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**VIII(a).** **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b).** **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara County | N/A |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara County | N/A |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara County | N/A |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): *Michelle Ugeta*                      Date  June 10, 2010

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

ADDITIONAL PARTIES:

DEFENDANTS:

**PATRICK RADIS as an individual and as Trustee of the RADIS FAMILY 2000 TRUST; and RADIS ASSOCIATES, INC., dba RADIS PROPERTY MANAGEMENT, a California corporation.**